IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Liberty Surplus Insurance Corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 7:25-cv-6449-BHH<br>)<br>) |
| Keith L. Richards, | )<br>) |
| Defendant.<br>_____ | )<br>)<br>) |
| Keith L. Richards, | )<br>) |
| Counter Claimant, | ) **ORDER**<br>) |
| v. | )<br>) |
| Liberty Surplus Insurance Corporation, | )<br>) |
| Defendant.<br>_____ | )<br>) |

This matter is before the Court upon Plaintiff Liberty Surplus Insurance Corporation's ("Liberty") motion for preliminary injunction, motion to strike, and motion for summary judgment, as well as Keith L. Richards' ("Richards") pro se motion for summary judgment.. (*See* ECF Nos. 22, 24, 25, 31.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On November 20, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court:

(1) **deny** Liberty's motion to strike;

(2) **find moot** Liberty's motion for preliminary injunction;

(3) **find moot** Liberty's motion for summary judgment regarding its claims for injunctive relief;

(4) **grant** Liberty's motion for summary judgment as to its claims for declarations that: (a) because the independent driver was not at fault for the subject incident, and the at-fault driver is unknown, the policy's uninsured motorist coverage applies;

(b) the amount of the uninsured motorist coverage is $25,000.00 per person for bodily injury;

(c) Richards is entitled to uninsured motorist coverage from Liberty causally related to the subject accident but not in excess of the per person maximum as reflected in the policy declarations; and

(d) Liberty is not obligated to extra-contractual payment of insurance coverage;

(5) **deny** Liberty's motion for summary judgment regarding the remaining declarations sought at this stage; and

(6) **deny** Richards' motion for summary judgment.

(ECF No. 42 at 22-23.)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.

On December 4, 2025, Liberty filed objections only as to the Magistrate Judge's recommendations that the Court find moot both Liberty's motion for preliminary injunction and Liberty's motion for summary judgment as to its claims for injunctive relief.  In its

objections, Liberty notes that Richards has resumed his communications with counsel for Liberty, contrary to Richards' prior assertion that he had ceased all email and phone contact with Plaintiff's counsel.  In support, Liberty attaches copies of Richards' post-motions communication. (ECF No. 44-2.) Additionally, on December 8 and December 15, 2025, Liberty filed additional, ongoing communications from Richards as evidence in support of its motion for preliminary injunction and motion for summary judgment as to its claims for injunctive relief.  (ECF Nos. 45-46.)  Importantly, no party filed any objections to the Magistrate Judge's recommendations that the Court deny Liberty's motion to strike; deny Richards' motion for summary judgment; or grant Liberty's motion for summary judgment as to certain of its claims for declarations and deny Liberty's motion for summary judgment as to certain other claims for declarations.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, after review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis of Liberty's motion to strike, Richards' motion for summary judgment, and Liberty's motion for summary judgment as to its claims for declarations. Accordingly, the Court adopts these portions of the Magistrate Judge's Report (ECF No. 42) and hereby **denies** Liberty's motion to strike (ECF No. 25); **denies** Richards' motion for summary judgment (ECF No. 24); and **grants in part and denies in part** Liberty's motion for summary judgment as to its claims for declarations (ECF No. 31). However, in light of Richards' repeated, improper communications with counsel for Plaintiff, which communications were not before the Magistrate Judge and are contrary to Richards' assertion that he ceased his communications with counsel for Plaintiff, the Court hereby **remands** Liberty's motion for preliminary injunction (ECF No. 22) and Liberty's motion for summary judgment (ECF No. 31) as to its claims for injunctive relief to the Magistrate Judge for further consideration.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 16, 2025
Charleston, South Carolina