UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Liberty Surplus Insurance Corporation, | C/A No. 7:25-cv-6449-BHH-WSB |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Keith L Richards, | |
| Defendant. | |
| Keith L Richards, | |
| Counter Claimant, | |
| vs. | |
| Liberty Surplus Insurance Corporation, | |
| Counter Defendant. | |

This matter is before the Court on Liberty Surplus Insurance Corporation's ("Liberty") Motion for Preliminary Injunction (ECF No. 22) and Motion for Summary Judgment (ECF No. 31). Keith L. Richards ("Richards") is proceeding *pro se*, and, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this United States Magistrate Judge is authorized to review all pretrial matters in cases involving *pro se* litigants and submit findings and recommendations to the district court.

1

## BACKGROUND AND FACTUAL ALLEGATIONS

On or about February 1, 2025, an independent driver was operating his vehicle using the Uber rideshare application with Richards riding as a passenger in the back seat. ECF Nos. 31-2 at 2; 17-2 at 8. While traveling in Spartanburg County, South Carolina, the independent driver was waiting to merge into a traffic circle and was rear-ended. ECF Nos. 31-2 at 2; 1-3 at 2. The independent driver and the at-fault driver exited their vehicles, observed that there was no damage, and decided not to make a police report. ECF No. 31-2 at 2. The independent driver then proceeded to drop Richards off at his destination. *Id.*

Later that day, Richards sought medical treatment at Spartanburg Medical Center and called the police to make a report. ECF Nos. 31-2 at 2; 31-6 at 3. The reporting officer documented that Richards showed him a video and that he "observed no physical damage to the vehicle. There was no evidence on the video that the vehicle was involved in a collision." ECF No. 31-2 at 2. The reporting officer also documented that Richards claimed to have back and leg pain. *Id.* X-rays of Richards' cervical and lumbar spine revealed "normal" findings with "[n]o evidence of acute fractures, dislocations or neck injuries or low back injuries." ECF No. 31-6 at 3. Richards was diagnosed with an acute cervical strain, prescribed Motrin and Robaxin, and released from care. *Id.* at 3-4.

On or about February 2, 2025, the independent driver reported the accident to Uber. ECF No. 17-2 at 40. During this time, Liberty was an insurer to Rasier, LLC/Uber Technologies, Inc. and its subsidiaries. ECF No. 31-4. Liberty documented that the independent driver reported that "the tap on [his] bumper was so light that [his] car barely moved at the impact of the hit." ECF No. 1-3 at 3. On February 6, 2025, Richards contacted Liberty regarding the accident. ECF No. 31-3 at 2-10. Liberty contends that because no identifying personal information was known about

the at-fault driver, the claim was opened as a John Doe uninsured motorist claim under the policy that Liberty issued to Rasier, LLC/Uber Technologies, Inc. and its subsidiaries. ECF Nos. 31 at 3; 1-3 at 3.

Richards alleges that he suffered significant injuries from this accident, including dental trauma, a concussion/mild traumatic brain injury ("TBI"), a cervical strain, and aggravation of his pre-existing injuries from earlier accidents. ECF No. 17 ¶ 4. Richards contends that he had previous injuries from a tractor-trailer accident on December 7, 2023, an accident involving a federal probation officer on June 10, 2024, and an accident with a drunk driver on July 16, 2024. *Id.* ¶ 6.

Approximately one month after the accident, Richards sought medical treatment at Grady Hospital Emergency Department, where he underwent further diagnostic testing, including a CT scan of his head and brain, a CT scan of his cervical spine, an x-ray of his femur, and an x-ray of his foot. ECF No. 31-7 at 2. Richards attached notes from this visit, which state that Richards presented with complaints following a motor vehicle crash in February and listed "concussion/mild TBI." ECF No. 17-2 at 6. Richards' after-visit summary lists his diagnoses as "history of seizures" and "headache due to trauma." *Id.* at 7. Richards was referred to a neurologist. *Id.* at 6-7. Notes reflect that Richards reported hitting his head on the back of the seat in the accident and experiencing headaches, neck pain, and pain in his femur. *Id.* at 8. Richards also attached documentation regarding his previous accidents. *Id.* at 12-27.

Liberty's counsel, Mary LaFave ("Ms. LaFave") with LaFave Bagley, LLC ("LaFave Bagley"), submits that Richards has sent voluminous threatening, hostile, and unreasonable communications to her and individuals at Liberty and LaFave Bagley. ECF No. 22-1 at 17. Ms. LaFave contends that Richards sent numerous communications to individuals at Liberty beginning

on February 6, 2025, and that his communications included "demands for hundreds of thousands of dollars" and "declarations of bad faith, racism, and threats of hostile religious outcomes." ECF No. 22-1 at 2-3. Liberty has attached documentation reflecting these communications. *See* ECF No. 22-3.

Ms. LaFave asserts that in March 2025, Liberty retained her as counsel to send a cease and desist letter to Richards regarding his communications. ECF No. 22-1 at 6. Ms. LaFave sent Richards a cease and desist letter on March 7, 2025, demanding that Richards cease and desist contacting Liberty or any of its agents in connection to the claim. ECF No. 22-4. However, Richards continued his communications with individuals at Liberty and began sending numerous communications to Ms. LaFave and others at LaFave Bagley. ECF Nos. 22-1 at 6-8; 22-5. By way of example, Richards has sent numerous demands, as well as pictures of the inside of his mouth and of him lying in a hospital bed. ECF No. 22-5 at 79-81. Ms. LaFave submits that on June 2, 2025, Richards sent her 16 emails. ECF No. 22-1 at 8. On July 8, 2025, Richards sent an email to Ms. LaFave stating, "Fuck you … you are a liar im [sic] going to get what I deserve I warned you already and you must be on crack cocaine …." ECF No. 22-5 at 131. Ms. LaFave also asserts that Richards has called her cell phone from various phone numbers after being explicitly instructed not to do so. ECF No. 22-1 at 9. Ms. LaFave contends that she blocked Richards' phone numbers, but Richards continues to acquire new phone numbers and call her cell phone. *Id.* Ms. LaFave states that on August 26, 2025, Richards called her cell phone and office phone seven times in the span of 30 minutes. *Id.* Ms. LaFave asserts that on August 27, 2025, she sent Richards a second cease and desist letter, demanding that Richards cease and desist his

improper communications. ECF No. 22-1 at 9-10.[1] However, Richards has continued with his communications. *Id.*

Liberty filed a Complaint on June 30, 2025, seeking declaratory and injunctive relief. ECF No. 1. On August 22, 2025, Richards filed an Amended Answer and Counterclaims. ECF No. 17. Liberty filed a Motion for Preliminary Injunction on August 29, 2025, regarding Richards' communications. ECF No. 22. Richards filed a Response on September 9, 2025, indicating that Liberty's request was moot because he had expressly ended all email and phone contact with Ms. LaFave and that all further communications would be made via United States mail or the Court. ECF No. 28 at 2. Liberty filed a Motion for Summary Judgment on September 16, 2025, regarding its claims for declaratory and injunctive relief. ECF No. 31. On September 17, 2025, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Richards of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. ECF No. 35. Richards filed a Response to Liberty's Motion for Summary Judgment on September 29, 2025. ECF No. 38.

On November 20, 2025, the undersigned issued a Report and Recommendation recommending, in relevant part, that Liberty's Motion for Summary Judgment be granted in part and denied in part as to Liberty's claims for declaratory relief and that Liberty's Motion for Preliminary Injunction and Motion for Summary Judgment as to its claims for injunctive relief be found moot based on Richards' Response stating that he had ceased certain communications. ECF No. 42. On December 4, 2025, Liberty filed an Objection to the Report and Recommendation,

---

[1] Although Liberty submits that this second cease and desist letter was attached as Exhibit F to its Motion for Preliminary Injunction, there is no Exhibit F to Liberty's Motion. *See* ECF No. 22.

asserting that Richards had continued to send messages in contravention of his representations to the Court. ECF Nos. 44; 44-1 (emails to Ms. LaFave). Liberty filed Supplements to its Objections on December 8, 2025, and December 15, 2025, including more communications from Richards. ECF Nos. 45; 46; 45-1 (email to Ms. LaFave, Ms. LaFave's staff, and individuals at Liberty); 45-2 (email to Ms. LaFave); 45-3 (emails to individuals at Liberty and Ms. LaFave); 46-1 (emails to Ms. LaFave, one of which states, "[t]hese are the bullets that would terrify any insurance lawyer"); 46-2 (email to another lawyer with LaFave Bagley). On December 16, 2025, the Honorable Bruce Howe Hendricks, United States District Judge, issued an Order adopting portions of the Report and Recommendation and recommitting Liberty's Motion for Preliminary Injunction and Motion for Summary Judgment to the undersigned in light of Richards' continued communications despite his previous representations to the Court. ECF No. 47. This matter is now ripe for review.

## APPLICABLE LAW AND ANALYSIS

**Motion for Preliminary Injunction**

Liberty filed a Motion for Preliminary Injunction seeking the following:

1. That the Defendant be restricted from communicating directly by email, text, internet, telephone, or facsimile directly with any and all agents/members/employees/adjusters/insureds/managers/executives/claims professionals/customer service professionals/online platforms of Liberty Mutual;

2. That the Defendant be restricted from communicating directly by email, text, internet, telephone, or facsimile directly with any and all agents/employees/lawyers/managers/partners/paralegals/secretaries of LaFave Bagley, LLC;

3. That the Defendant must file any communications related to this claim with a Court of competent jurisdiction or may retain the services of an attorney, licensed to practice in South Carolina, to communicate directly with counsel of record

    …

ECF No. 22-1 at 17.

Rule 65 of the Federal Rules of Civil Procedure authorizes a district court to issue a preliminary injunction. Fed. R. Civ. P. 65(a). "A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court [and is] never awarded as of right." *Ansel v. Hicks*, 846 F.Supp.2d 493, 494 (W.D.N.C. 2012) (citing *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003)); *see Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) ("A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit."). A preliminary injunction should be granted only if the moving party clearly establishes entitlement to the relief sought. *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981). To obtain a preliminary injunction, the moving party must establish the following four elements:

> (1) a clear showing that it will likely succeed on the merits;
>
> (2) a clear showing that it is likely to be irreparably harmed absent preliminary relief;
>
> (3) the balance of equities tips in favor of the moving party; and
>
> (4) a preliminary injunction is in the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22-23 (2008) (the "*Winter* factors"); *Real Truth About Obama, Inc. v. Fed. Election Comm.*, 575 F.3d 342, 346-47 (4th Cir. 2009); *W. Va. Assoc. of Club Owners & Fraternal Servs., Inc. v. Musgrave,* 553 F.3d 292, 298 (4th Cir. 2009). "A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase*, 872 F.3d at 230. The "status quo" is "the last uncontested status between the parties which preceded the controversy." *Id.* at 228 n.4 (citations and internal quotation marks omitted).

In the present matter, Liberty requests that the Court issue a preliminary injunction preventing Richards from communicating with certain individuals. The First Amendment prohibits "abridging the freedom of speech." U.S. Const. amend. I. Moreover, prior restraints are "administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (citation and internal quotation marks omitted). "[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Neb. Press Ass'n. v. Stuart*, 427 U.S. 539, 559 (1976). "Not all prior restraints are unconstitutional," *Mom N Pops, Inc. v. City of Charlotte, N.C.*, No. 97-2359, 1998 WL 537928, at *4 (4th Cir. Aug. 19, 1998), but "[a]ny prior restraint on expression comes … with a 'heavy presumption' against its constitutional validity." *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971).

Despite these First Amendment concerns, "[c]ourts … have recognized that it may be permissible and necessary to enjoin a litigant from harassing another party." *Thomson v. Persistence Tech. BVI Pte Ltd.*, C/A No. 2:23-cv-04669-MEMF-MAR, 2024 WL 5220885, at *3 (C.D. Cal. Dec. 26, 2024) (citing *Beyond Blond Prods., LLC v. Heldman*, C/A No. 2:20-cv-05581, 2022 WL 2784404 (C.D. Cal. June 17, 2022) (issuing an injunction against "threatening or harassing emails" and other conduct); *United Artists Corp. v. United Artist Studios LLC*, C/A No. 2:19-cv-00828, 2019 WL 6917918 (C.D. Cal. Oct. 17, 2019) (issuing an injunction against certain conduct that "constitute[s] harassment and would be performed with the intention of intimidation"); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005) (upholding a portion of the district court's injunction prohibiting Defendant "from threatening or harassing" plaintiff, plaintiff's counsel, or other associated individuals)). "The First Amendment generally prevents the government from proscribing speech," *R.A.V. v. City of St. Paul, Minn.*, 505

U.S. 377, 382 (1992), but courts have "made a distinction between communication and harassment," *Test Masters*, 428 F.3d at 580. "The difference is one between free speech and conduct that may be proscribed." *Id*. "Thus, courts do have the power to enjoin harassing communication." *Id.*; *see Thomson*, 2024 WL 5220885, at *3 ("[C]ourts have rejected arguments that the First Amendment allows a person to make harassing or threatening communications.") (collecting cases); *Ribar v. Washoe Cnty.*, C/A No. 3:24-cv-00526-ART-CSD, 2025 WL 3037883, at *1 (D. Nev. 2025) ("District courts have inherent power to issue an injunction against litigants who harass their opponents. Courts, particularly, have the power to issue an injunction over conduct directly related to a lawsuit."); *Myart v. Taylor*, C/A No. SA:16-CV-455-DAE, 2016 WL 5376227, at *4 (W.D. Tex. Sept. 26, 2016) (enjoining a plaintiff from harassing the defendants in the case for the pendency of the lawsuit).

For the reasons discussed below, the undersigned finds that Liberty's Motion for Preliminary Injunction should be granted in part to protect the status quo – the parties' status prior to the harassment. Specifically, in light of Richards' harassing communications, the undersigned recommends that the district court preliminarily enjoin Richards from directly contacting any individuals at Liberty or at LaFave Bagley other than Ms. LaFave during the pendency of this lawsuit. The undersigned further recommends that the district court limit Richards' communications with Ms. LaFave to not exceed one email or one phone call per week. Additionally, any phone call to Ms. LaFave must be made to the main phone number at LaFave Bagley and not to Ms. LaFave's cell phone number.

### *Likelihood of Success*

Liberty has brought various claims against Richards for declaratory and injunctive relief. ECF No. 1. The Court "need not find that [Liberty] is likely to succeed on all of its claims against

[Richards], but that it is likely to succeed on at least one [claim]." *Paradyme Mgmt., Inc. v. Curto*, C/A No. PWG-17-3867, 2018 WL 9989655, at *6 (D. Md. Jan. 17, 2018); *see Roe v. Dep't of Def.*, 947 F.3d 207, 234 (4th Cir. 2020) (affirming a district court's issuance of a preliminary injunction in part because "Plaintiffs have demonstrated a likelihood of success on the merits of at least one claim …."). As discussed, the Court has granted summary judgment to Liberty on some of its claims against Richards. *See* ECF Nos. 42; 47. The Court also finds that there is a likelihood of success in seeking a finding that the challenged communications are threatening and harassment. Accordingly, this factor is satisfied.

### *Irreparable Harm*

To establish irreparable harm, a plaintiff must make a "clear showing" that he will suffer harm that is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (internal quotation marks omitted). "Additionally, the harm must be irreparable, meaning that it 'cannot be fully rectified by the final judgment after trial.'" *Mountain Valley Pipeline,* 915 F.3d at 216. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Liberty contends that it will continue to suffer irreparable harm if a preliminary injunction is not granted in its favor, as Liberty, its agents, and its counsel "have all been subject to [a] constant barrage of email, phone, and text harassment and threats by [Richards] since the subject accident occurred in February." ECF No. 22-1 at 15. Liberty asserts that it, its insureds, and its counsel "have tried by all professional means to stop the barrage of communications by [Richards]" and

that it "is left with no other choice but [to] ask for the assistance, guidance, and protection by the Court." *Id.* Moreover, Ms. LaFave maintains that Richards' communications have "become so burdensome that it is disruptive to [her] business and practice." *Id.* at 10.

The Court agrees that Liberty has made the requisite showing of irreparable harm. Richards has sent voluminous, harassing, and inappropriate communications to individuals at Liberty, Ms. LaFave, and others at LaFave Bagley. Richards has represented to the Court that he would cease certain communications, but he failed to do so. Harm to Liberty's business and Ms. LaFave's practice is readily apparent given the frequency and nature of Richards' communications.

### *Balance of Equities*

Regarding the balance of equities, the Court finds that enjoining Richards will cause less harm to him than Liberty would face should injunctive relief be denied. While the Court does not take lightly the imposition on Richards' communications, limiting his harassing communications with individuals associated with Liberty in the manner recommended will not impair his ability to effectively litigate his case or his efforts to possibly obtain relief in the case.

### *Public Interest*

Considering the final factor, the public interest favors the issuance of a preliminary injunction in this case. "The public, as well as the court and the parties, benefit from the fair, speedy, and inexpensive resolution of legal disputes." *Rodriguez v. Nat'l Freight, Inc.*, 5 F.Supp.3d 725, 730 (M.D. Pa. Mar. 13, 2014). Permitting Richards' correspondence in this matter will impede these goals, and the minimal restriction on Richards' communications is justified by the circumstances of this case. Accordingly, the *Winter* factors favor the issuance of a preliminary injunction, and the undersigned recommends that the district court grant in part Liberty's Motion for Preliminary Injunction in the manner set out herein.

**Motion for Summary Judgment**

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of a plaintiff's position is insufficient to withstand a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

### *Permanent Injunctions*

In its Motion for Summary Judgment, Liberty seeks the following permanent injunctions:

1. That the Defendant be restricted from communicating directly by email, text, internet, telephone, or facsimile directly with any and all agents/members/employees/adjusters/insureds/ managers/executives/claims professionals/customer service professionals/online platforms of Liberty Mutual;

2. That the Defendant be restricted from communicating directly by email, text, internet, telephone, or facsimile directly with any and all agents/employees/lawyers/managers/partners/ paralegals/secretaries of LaFave Bagley, LLC;

3. That the Defendant must file any communications related to this claim with a Court of competent jurisdiction or may retain the services of an attorney, licensed to practice in South Carolina, to communicate directly with counsel of record

…

ECF No. 31-1 at 2, 10-11.

Under "well-established principles of equity," a plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007); *S.C. Freedom Caucus v. Jordan*, 677 F.Supp.3d 352, 377 (D.S.C. 2023). All four factors must be satisfied for the injunction to issue, and the party seeking the injunction bears the burden to show that each factor is met. *Steves & Sons, Inc. v.*

13

*JELD-WEN, Inc.*, 988 F.3d 690, 719 (4th Cir. 2021).  Upon a finding that all four factors are met, the Court nonetheless retains the equitable discretion to deny issuance of the injunction.  *Bethesda Softworks, L.L.C. v. Interplay Entm't Corp.*, 452 F. App'x 351, 353 (4th Cir. 2011).

Although Liberty has moved for summary judgment on its claims for permanent injunctions, Liberty did not provide any substantive argument as to these claims in its Motion for Summary Judgment or address any of the relevant factors.  *See* ECF Nos. 31; 31-1.  Moreover, the Court finds that Liberty has not shown, at this stage of the litigation, that it is entitled to summary judgment on the specific permanent injunctions that it seeks.  While Liberty incorporated its Motion for Preliminary Injunction in its Motion for Summary Judgment and has addressed the harm that it is presently suffering due to Richards' case-related communications during the pendency of this lawsuit, Liberty has not presented any evidence regarding the harm that it will suffer after this litigation has ceased to warrant a permanent injunction on Richards' communications.  *See Green v. Keel*, C/A No. 2:21-cv-01304-DCN-MGB, 2024 WL 6841631, at *7 (D.S.C. Aug. 30, 2024) ("Thus, irrespective of any irreparable harm Plaintiffs allege they have previously incurred, a permanent injunction is not appropriate here unless there is a reason to believe that future injury would constitute irreparable harm.") (citing *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003) ("Permanent injunctive relief requires ... continuing irreparable injury ...."); *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997) ("To show irreparable harm [for purposes of permanent injunction], the party seeking injunctive relief must at least demonstrate 'that there exists some cognizable danger of recurrent violation' of its legal rights.") (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)); *Millennium Funding, Inc. v. Doe*, C/A No. 1:21-CV-282-RDA-TCB, 2021 WL 5217018, at *13 (E.D. Va. Oct. 15, 2021) (explaining that "permanent injunctive relief is appropriate" where "plaintiff ... has demonstrated

that it has suffered—and will continue to suffer –irreparable harm")); *see also Wudi Industrial (Shanghai) Co., Ltd. v. Wong*, 70 F.4th 183, 189-91 (4th Cir. 2023) ("[B]ecause injunctive relief is a 'drastic and extraordinary remedy' to be utilized sparingly, the district court is duty bound to ensure that the party seeking injunctive relief has made the requisite showings.") (citing *SAS Inst., Inc. v. World Programming Ltd.*, 952 F.3d 513, 528 (4th Cir. 2020)); *De Simone v. Alfasigma USA, Inc.*, 847 F. App'x 174, 183-84 (4th Cir. 2021) ("If issued, an injunction should be no more burdensome to the defendant than necessary to provide complete relief to plaintiffs and should be carefully addressed to the circumstances of the case.") (citation and internal quotation marks omitted).  The Court makes no finding on whether Liberty could make a showing regarding any harm that it might suffer after this litigation has ceased to warrant a permanent injunction on Richards' communications, merely that Liberty has not presented evidence to meet its burden of showing that Richards' case-related communications amount to continuing or future irreparable harm such that the extraordinary remedy of a permanent injunction on any post-litigation communications is warranted, and the undersigned recommends that the district court deny Liberty's Motion for Summary Judgment on its claims for injunctive relief.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is recommended that Liberty's Motion for Preliminary Injunction be **GRANTED in part** (ECF No. 22). Specifically, Richards, during the pendency of this lawsuit, should be enjoined and prohibited from (1) contacting and/or communicating with any individuals at Liberty, and (2) contacting and/or communicating with any employee, attorney, or representative at LaFave Bagley law firm, other than Ms. LaFave as limited herein. Additionally, Richards' communications with Ms. LaFave should not exceed one email or one phone call per week, and any phone call to Ms. LaFave must be made to the main phone number at LaFave Bagley, (803) 724-5729, and not to Ms. LaFave's cell phone number.

It is further recommended that Liberty's Motion for Summary Judgment as to its claims for permanent injunctive relief be **DENIED** at this time. (ECF No. 31).

**IT IS SO RECOMMENDED.**

December 30, 2025                                s/William S. Brown
Greenville, South Carolina                       United States Magistrate Judge

*The attention of the parties is directed to the important notice on the following page*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).