IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Liberty Surplus Insurance Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>Keith L. Richards,<br><br>   Defendant.<br>_____<br><br>Keith L. Richards,<br><br>   Counter Claimant,<br><br>v.<br><br>Liberty Surplus Insurance Corporation,<br><br>   Defendant.<br>_____ | Civil Action No. 7:25-cv-6449-BHH<br><br><br><br><br><br><br><br><br>**<u>ORDER</u>** |

   This matter is before the Court upon Plaintiff Liberty Surplus Insurance Corporation's ("Liberty") motion for preliminary injunction and motion for summary judgment. (ECF Nos. 22, 31.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

   On November 20, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant in part and deny in part Liberty's motion for summary judgment and find moot Liberty's motion for preliminary injunction. (*See* ECF No. 42.) On December 4, 2025, Liberty filed objections only as to the Magistrate Judge's recommendations that the Court find moot both Liberty's motion for preliminary injunction and Liberty's motion for summary judgment

as to its claims for injunctive relief. In its objections, Liberty noted that Richards had resumed his communications with counsel for Liberty, contrary to Richards' prior assertion that he had ceased all email and phone contact with Plaintiff's counsel. In support, Liberty attached copies of Richards' post-motions communication. (ECF No. 44-2.) Additionally, on December 8 and December 15, 2025, Liberty filed additional, ongoing communications from Richards as evidence in support of its motion for preliminary injunction and motion for summary judgment as to its claims for injunctive relief. (ECF Nos. 45-46.)

In light of these filings, which included evidence of Richards' repeated, improper communications with counsel for Plaintiff, the Court remanded Liberty's motion for preliminary injunction and Liberty's motion for summary judgment as to its claims for injunctive relief to the Magistrate Judge for further consideration. (ECF No. 47.)

On December 30, 2025, the Magistrate Judge issued another Report, considering the additional filings and recommending that the Court grant in part Liberty's motion for preliminary injunction and deny Liberty's motion for summary judgment as to its claims for permanent injunctive relief at this time. (*See* ECF No. 51.) Specifically, the Magistrate Judge recommended that the Court, during the pendency of this lawsuit, enjoin Richards and prohibit him from (1) contacting and/or communicating with any individuals at Liberty, and (2) contacting and/or communicating with any employee, attorney, or representative at LaFave Bagley law firm, other than Ms. LaFave as limited to one email or one phone call per week with Ms. LaFave, and any phone call made to Ms. LaFave must be made to the main number at LaFave Bagley (803-724-5729) and not to Ms. LaFave's personal cell phone number. (*Id.* at 16.)

Attached to the Magistrate Judge's second Report was a notice advising the parties

of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, after review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. Accordingly, **the Court adopts the Magistrate Judge's second Report (ECF No. 51), and the Court grants in part Liberty's motion for preliminary injunction (ECF No. 22).** Specifically, during the pendency of this lawsuit, Richards shall be enjoined and prohibited from (1) contacting and/or communicating with any individuals at Liberty, and (2) contacting and/or communicating with any employee, attorney, or representative at LaFave Bagley law firm, other than Ms. LaFave as limited to one email **or** one phone call per week, and any phone call to Ms. LaFave must be made to the main phone number at

LaFave Bagley (803-724-5729) and not to Ms. LaFave's personal cell phone number.  **The Court also denies at this time Liberty's motion for summary judgment as to its claims for permanent injunctive relief (ECF No. 31).**

    **IT IS SO ORDERED.**

                                                    /s/Bruce H. Hendricks
                                                    United States District Judge

January 20, 2026
Charleston, South Carolina