IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Liberty Surplus Insurance Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Keith L. Richards,<br><br>Defendant. | Case No. 7:25-cv-06449-SAC<br><br><br><br>**OPINION AND ORDER** |

This matter is before the Court on a Second Motion for Summary Judgment, ECF No. 56, and a Motion for Order to Show Cause, ECF No. 74, filed by Plaintiff Liberty Surplus Insurance Corporation ("Liberty"), and a Report and Recommendation ("Report") of the Magistrate Judge, ECF No. 88. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings. For the reasons stated herein, the Court hereby ACCEPTS the Report and GRANTS Liberty's Second Motion for Summary Judgment and Motion for Order to Show Cause.

## BACKGROUND

### I. The Parties' Claims

Liberty filed this declaratory judgment action seeking a declaration regarding the amount of insurance it is obliged to pay, if any, under a commercial automobile policy (the "Policy") for an accident that occurred on February 1, 2025. ECF No. 1 ¶ 1. On February 1, 2025, David Lee Wilson ("Wilson") was operating his personal vehicle as an independent driver utilizing the Uber application with Defendant Keith L. Richards ("Richards") riding as a passenger. *Id.* ¶ 8. While yielding to enter a roundabout, the vehicle occupied by Wilson and Richards was hit from behind. *Id.* ¶ 9. Wilson decided not to exchange information with the other driver (the "at-fault driver"),

make a police report, or file a claim because there was no damage to either vehicle. *Id.* ¶¶ 10-11. Richards, however, filed a claim and the adjuster determined the at-fault driver was 100 % at fault for the accident, but was unable to determine the identity of the at-fault driver. *Id.* ¶ 12. As a result, a claim was opened under the Uninsured Motorist coverage within the Policy to address Richards's claim. *Id.* ¶ 13. The Policy declarations page outlines the Uninsured Motorist limit of $25,000.00 per person, which Liberty has offered to Richards. *Id.* ¶¶ 33-34. In addition to its claim for declaratory judgment, Liberty sought an injunction to prevent Richards from repeatedly contacting its employees, its counsel, and its counsel's employees. *Id.* ¶¶ 39-44. Liberty alleged that Richards sent "numerous threatening, hostile and unreasonable communications to adjusters" and ignored a cease-and-desist letter requesting he immediately halt all communication with claims adjusters. *Id.* ¶¶ 14-17. In addition, Richards allegedly emailed all attorneys at the LaFave Bagley law firm, who represents Liberty, sometimes up to fifteen times a day. *Id.* ¶¶ 18-19.

Richards answered the Compliant and asserted various counterclaims. ECF No. 17. Richards asserted counterclaims for (1) declaratory judgment "that coverage exists and policy limits apply"; (2) third-party beneficiary enforcement based on Liberty's alleged "refusal to honor obligations owed to [him] as an intended beneficiary" of the insurance policy; (3) improper claims practices in violation of S.C. Code Ann. § 38-59-20 based on Liberty's alleged "misrepresentations, delay, failure to investigate, and inadequate settlement tactics"; (4) fraud by omission because "Liberty knowingly concealed the $1,000,000 policy limit and mislead [Richards] into believing only $25,000 applied" to his claim; (5) negligence and vicarious liability based on Wilson's failure to report or document the accident; and (6) punitive damages. *Id.* ¶¶ 17-33.

## II. The Parties' Cross Motions for Summary Judgment

On September 2, 2025, Richards filed a motion for summary judgment arguing Liberty's conduct had destroyed the judicial process and its "fraud on the court" bars the case from proceeding. ECF No. 24. Primarily, Richards argued that judgment should be entered in his favor as a sanction for Liberty's conduct and misrepresentations during discovery. *Id.* at 1-7.

On September 16, 2025, Liberty moved for summary judgment arguing it was entitled to a declaratory judgment on certain declarations. ECF No. 31. The Court granted Liberty's motion for summary judgment as to its claims for certain declarations, declaring that (a) because the Wilson was not at fault for the subject incident, and the at-fault driver is unknown, the Policy's uninsured motorist coverage applies; (b) the amount of the uninsured motorist coverage is $25,000.00 per person for bodily injury; (c) Richards is entitled to uninsured motorist coverage from Liberty causally related to the subject accident but not in excess of the per person maximum as reflected in the Policy declarations; and (d) Liberty is not obligated to extra-contractual payment of insurance. ECF Nos. 42 at 12-19; 47 at 2-4. The Court denied Liberty's motion with respect to the remaining declarations sought and found moot Liberty's request for preliminary and permanent injunctive relief. ECF Nos. 42; 47. The Court also denied Richards' motion for summary judgment. *Id.*

## III. Motion and Order Regarding Preliminary Injunction

On August 29, 2025, Liberty moved for a Preliminary Injunction, prohibiting Richards from contacting or communicating with its employees, its counsel, and its counsel's employees. ECF No. 22. On January 20, 2026, Court granted, in part, Liberty's motion for preliminary injunction. ECF No. 53. The Court enjoined Richards from contacting and/or communicating with any individuals at Liberty and any employee, attorney, or representative of the LaFave Bagley

law firm, other than limited email and phone calls with attorney Mary D. LaFave. *Id.* at 3.

## IV. The Present Motions and Report

### A. Liberty's Second Motion for Summary Judgment.

On February 3, 2026, Liberty filed its Second Motion for Summary Judgment, moving to dismiss Richards' six counterclaims. ECF No. 56. In response, Richard asked that summary judgment be denied and requested additional time for discovery. ECF No. 61. In reply, Liberty argued that Richards had been afforded ample opportunity for discovery and that his response did not raise any genuine issue of material fact that would preclude summary judgment in Liberty's favor. ECF No. 64.

### B. Liberty's Motion for Order to Show Cause

On June 12, 2026, Liberty filed a Motion for Order to Show Cause, contending Richards deliberately and repeatedly failed to comply with the Court's Preliminary Injunction Order dated January 20, 2026, by continuing to contact and/or communicate with Liberty, its employees, and its counsel beyond the parameters set forth in the Order. ECF No. 74. A hearing on the Motion was held on June 26, 2026. ECF No. 80. Liberty's counsel was present at the hearing, but Richards failed to appear. *Id.* Richards, however, filed a response to the Motion for Order to Show Cause on June 29, 2026, acknowledging he continued communicating with Liberty's counsel after the Court limited his communications but requested the Court consider "measured" remedies rather than monetary sanctions. ECF No. 82.

### C. Report and Recommendation

On September 17, 2026, the Magistrate Judge issued a Report recommending the Court grant Liberty's Second Motion for Summary Judgment and Motion for Order to Show Cause. ECF No. 88. The Magistrate Judge advised the parties of the procedures and requirements for filing

objections to the Report and the serious consequences if they failed to do so. *Id.* at 21. The parties have not filed objections and the time to do so has lapsed.

## STANDARD OF REVIEW

### I. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation modified)).

### II. Motion for Summary Judgment

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "A district court may grant a motion for summary judgment only

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Phillips v. Nlyte Software Am. Ltd.*, 615 F. App'x 151, 152 (4th Cir. 2015) (per curiam) (internal quotations omitted) (quoting *Celotex Corp.*, 477 U.S. at 322).

**III. Motion to Show Cause**

"To ensure compliance with its orders, a district court has the inherent authority to hold parties in civil contempt." *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018). Civil contempt requires that there be clear and convincing evidence of the following elements:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's 'favor'; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*Id.* (quoting *United States v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017)). "Civil contempt sanctions are intended to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained." *Bradley v. Am. Household, Inc.*, 378 F.3d 373, 378 (4th Cir. 2004) (citation modified). *Pro se* litigants are entitled to more lenient consideration from courts. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989), *cert. denied sub nom.*, *Ballard v. Volunteers of Am.*, 493 U.S. 1084 (1990) ("Pro se litigants are entitled to some deference from courts."). However, *pro se* litigants, as well as other

litigants, are subject to and must respect and obey court orders, without which effective judicial administration would be impossible. *See Ballard*, 882 F.2d at 96; *Jenkins v. S.C. Elec. & Gas*, No. 2:14-4139, 2016 WL 11407772, at *3, *Report & Recommendation adopted by* 2016 WL 693493 (D.S.C. Feb. 19, 2016) ("[P]ro se litigants are not immune from any sanction by virtue of their status alone.").

**ANALYSIS**

The Report notes that summary judgment is warranted as to Richards' first cause of action seeking a declaration as to coverage because the Court already declared that coverage under the Policy was $25,000 per person for bodily injury. *Id.* at 14 (referring to ECF Nos. 42; 47). The Report also found that Richards' other claims each failed as a matter of law. *Id.* at 14-19.

The Report also recommends the Court find Richards in civil contempt of its Preliminary Injunction Order, ECF No. 53, and that sanctions in the amount of $4,124 be imposed. *Id.* at 11-13. The Report concludes that the Court's Preliminary Injunction Order was a valid order in Liberty's favor, that Richards knowingly and repeatedly failed to comply with the Order, and that Liberty was harmed by having to expend unneeded fees and expenses to deal with Richards's excessive communications. *Id.* at 7-13.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge and incorporates the Report by reference. Having found no clear error and imposing the sanction as recommended, the Court observes that Richards has failed to defend his blatant violation of this Court's Preliminary Injunction Order despite multiple opportunities to do so. The Magistrate Judge held a hearing on Liberty's Motion for Order to Show Cause which Richards did not attend. Moreover, Richards had an opportunity to object to the Report but failed

to do so, despite no indication that he did not receive the Report and a demonstrated history of knowing how to file responses in support of or in opposition to other docket entries.

**CONCLUSION**

Accordingly, Plaintiff's Second Motion for Summary Judgment and Motion for Order to Show Cause [ECF Nos. 56 and 74] are **GRANTED**. Richards is **ORDERED** to pay $4,124 by a check made payable to "Liberty Surplus Insurance Corporation," delivered to counsel for Plaintiff no later than twenty (20) days after the entry of this Order.

**IT IS SO ORDERED.**

United States District Judge

November 9, 2026
Greenville, South Carolina